1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ABELARDO BERROTERAN,                                      Case No. 2:25-cv-02611-RFB-EJY

      Plaintiff,

      v.                                                                        **ORDER**

MICROSOFT CORPORATION,

      Defendant.

      Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and a Complaint that may be attempting to state a claim for patent infringement. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**I.       Screening Standard**

      Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

      To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

      In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

1  standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations,

2  a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550

3  U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

4  Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff

5  should be given leave to amend the complaint with notice regarding the complaint's deficiencies.

6  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7  **II.     Discussion**

8        There are several problems with Plaintiff's Complaint. First, nowhere in the Complaint does

9  Plaintiff plainly and clearly state what claim or claims he brings against Defendant Microsoft. "[A]

10  pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank*

11  *of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22,

12  2011). In fact, even though Plaintiff's allegations are sufficiently understood, and even when

13  liberally construed, the Court is unsure what plausible claim Plaintiff seeks to assert. *Hebbe v. Pliler*,

14  627 F.3d 338, 341-42 (9th Cir. 2010) (although *pro se* pleadings are construed liberally, a plaintiff

15  must present factual allegations sufficient to state a plausible claim for relief). The pleading standard

16  established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but

17  it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556

18  U.S. at 678 (internal quotation omitted).

19        Second, if the Court presumes Plaintiff is seeking to bring a claim for patent infringement,

20  that claim may only "be brought by a party holding legal title to the patent." *Propat Int'l Corp. v.*

21  *Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007); 35 U.S.C. § 281. Plaintiff never identifies any

22  patent to which he currently holds legal title. ECF No. 1-1. There is lots of discussion regarding

23  submissions to the U.S. Trademark and Patent Office, but Plaintiff does not say he was issued a

24  patent or what patent he was issued that is being infringed upon by Microsoft.

25        Third, there is generally a six-year statute of limitations for patent infringement claims. 35

26  U.S.C. § 286 (noting that the tolling period is the shorter of (i) six years or (ii) the time between the

27  receipt of the claim by the government and the mailing of a notice of denial of the claim by that

28  agency or department). Plaintiff admits Microsoft first sold the X-Box in 1999. ECF No. 1-1 at 9.

1   Plaintiff's Complaint was filed 26 years later on December 30, 2025.  Thus, it appears any patent

2   infringement claim is time-barred.

3        Fourth and finally, to the extent Plaintiff is seeking to bring a claim based on fraud, which

4   he mentions on page 9 of his Complaint (ECF No. 1-1 at 9), the statute of limitations is three years

5   under NRS 11.190(3)(d), which also renders this claim time barred.

6   **III.    Order**

7        IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF

8   No. 1) is GRANTED.

9        IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED

10  without prejudice and with leave to amend.

11       IT IS FURTHER ORDERED that the Complaint is to be filed on the docket.

12       IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint he must

13  do so no later than **January 27, 2026**.  The amended complaint must be complete in and of itself.

14  The amended complaint must clearly state the facts in support of claims against the named defendant

15  (leaving out extraneous facts unrelated to Plaintiff's claims).  Plaintiff must tie those facts to causes

16  of action that are not barred by statutory limitations periods.

17       IT IS FURTHER ORDERED that failure to timely file an amended complaint will result in

18  a recommendation to dismiss this matter in its entirety.

19       Dated this 7th day of January, 2026.

20

21

22       _____
    ELAYNA J. YOUCHAH
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28